Truesdell v Roman Catholic Diocese of Brooklyn, N.Y. (2022 NY Slip Op 06875)

Truesdell v Roman Catholic Diocese of Brooklyn, N.Y.

2022 NY Slip Op 06875

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 950244/20 Appeal No. 16764 Case No. 2021-03969 

[*1]Glenn Truesdell, Plaintiff-Respondent,
v
The Roman Catholic Diocese of Brooklyn, New York, et al., Defendants, Dominican Fathers Province of St. Joseph, Defendant-Appellant.

Fullerton Beck LLP, White Plains (Edward J. Guardaro, Jr. of counsel), for appellant.
Simmons Hanly Conroy LLC, New York (Richard Lee Kroeger of counsel), for respondent.

Order, Supreme Court, New York County (George J. Silver, J.), entered August 20, 2021, which denied defendant Dominican Fathers Province of St. Joseph's motion to dismiss the complaint as against it pursuant to CPLR 3211(a), unanimously modified, on the law, to grant the motion to dismiss the breach of fiduciary duty claim as against it, and otherwise affirmed, without costs.
The court properly denied the motion to dismiss plaintiff's claims of negligent hiring, supervision, retention, and direction and for gross negligence arising from his allegation that he was sexually abused in 1963, when he was around 11 years old, by a priest he met as a parishioner at St. Agatha, in the Borough of Brooklyn, in the City of New York. Plaintiff alleges that defendants, including the movant here, knew or should have known of the priest's dangerous propensities, and either condoned or covered them up. While the movant argues that plaintiff fails to allege specific facts that it had notice of the priest's criminal proclivities, at this pre-answer stage of the litigation, such information is in the sole possession and control of the movant. Therefore, dismissal of these causes of action was properly denied on this ground as "facts essential to justify opposition may exist but cannot then be stated" (see CPLR 3211[d]).
However, the motion court should have dismissed the breach of fiduciary duty claim. Two essential elements of a fiduciary relationship are de facto control and dominance (Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d 15, 21 [2008]). "Where a . . . parishioner plaintiff seeks to establish the existence of a fiduciary relationship with an institutional church defendant, the plaintiff may not merely rely on the church's status in general, but must come forward with facts demonstrating that his or her relationship with the institution was somehow unique or distinct from the institution's relationship with other parishioners generally" (Doe v Holy See [State of Vatican City], 17 AD3d 793, 795 [3d Dept 2005]). Here, the complaint is devoid of any facts that establish any relationship with the respondent province (Marmelstein, 11 NY3d at 21).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022